UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORIO HERRERA GONZALEZ,

        Petitioner,

v.

                                        Case No. 3:26-cv-749-MMH-MCR

WARDEN, NORTH FLORIDA
DETENTION CENTER and
U.S. ATTORNEY GENERAL, et al.,

        Respondents.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This cause is before the Court on a Petition for Writ of Habeas Corpus (Doc. 1; Petition) filed by Isaibis Arozarena as next friend of Gregorio Herrera Gonzalez, an immigration detainee. Id. at 2; see Doc. 1-1 at 1.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself.  See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990).  However, "'next friend' standing is by no means granted automatically . . . ." Id. at 163. The would-be next friend must provide an adequate explanation for the

necessity of the designation—such as the real party's mental incompetence or lack of access to the courts—and show that she is truly dedicated to the interests of the real party. Id.

Here, Arozarena does not demonstrate that "next friend" status is appropriate. She neither asserts that Arozarena is mentally incompetent nor that he has been denied access to the courts. Therefore, she lacks standing to initiate this action on Arozarena's behalf. See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007)[1] ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978)[2] ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED**:

1.      The Petition (Doc. 1) is **DISMISSED without prejudice**.

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.      The **Clerk** shall send Gonzalez a blank petition for writ of habeas corpus form for use in § 2241 cases. If Gonzalez chooses to refile his claims, he may do so on the enclosed form. He should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/2
c:      Gregorio Herrera Gonzalez

3